IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-211-D

UNITED STATES OF AMERICA          )
                                  )
          v.                      )          **ORDER**
                                  )
JAMIE EARL SMITH,                 )
                                  )
                    Defendant.    )

On October 4, 2010, pursuant to a plea agreement [D.E. 21], Jamie Earl Smith ("Smith")

pleaded guilty to conspiracy to possess with the intent to distribute more than 5 grams of cocaine base

(crack) in violation of 21 U.S.C. § 846. See [D.E. 20]; [D.E. 21] 3–4. On January 13, 2011, the court

held Smith's sentencing hearing. See [D.E. 25]. At the hearing, the court adopted the facts in the

Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court

calculated Smith's total offense level to be 23, his criminal history category to be V, and his advisory

guideline range to be 84–105 months. See [D.E. 25]. After thoroughly considering all relevant

factors under 18 U.S.C. § 3553(a), the court sentenced Smith to 84 months' imprisonment. See id.

Smith did not appeal.

On October 30, 2014, Smith filed a motion for a sentence reduction under 18 U.S.C. §

3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 30].

On November 30, 2015, Smith filed a memorandum in support. See [D.E. 32]. On December 18,

2015, the government responded. See [D.E. 33]. On April 4, 2016, Smith filed an amended

memorandum. See [D.E. 36].

Smith's new advisory guideline range is 70 to 87 months' imprisonment based on a total offense level of 21 and a criminal history category of V. See Resentencing Report. Smith requests a 70-month sentence. See [D.E. 32] 9; [D.E. 36] 9.

The court has discretion to reduce Smith's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Smith's sentence, the court finds that Smith engaged in a serious and prolonged conspiracy to possess with the intent to distribute cocaine base (crack). See PSR ¶¶ 6–7. Furthermore, Smith has a serious criminal history including convictions for assault inflicting serious injury, driving while impaired, resisting a public officer, and possession of a controlled substance. See id. ¶¶ 9–17. Moreover, while incarcerated on his federal sentence, Smith sustained a disciplinary action for being insolent to staff. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii). Nonetheless, Smith also has engaged in some positive behavior while incarcerated. See [D.E. 32, 36].

Having reviewed the entire record and all relevant policy statements, the court finds that Smith received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Smith's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Smith's serious criminal conduct and serious criminal history do not support reducing Smith's sentence. Thus, the court denies Smith's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79;

2

Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Smith's motion for reduction of sentence [D.E. 30] is DENIED.

SO ORDERED. This **27** day of June 2016.

_JAMES C. DEVER III_
Chief United States District Judge

3